# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re Ex Parte Application of<br><br>SOON WOO CHOI,<br><br>APPLICANT. | Case No. 24-mc-80116-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>[Re: ECF No. 1] |

On May 12, 2024, Applicant Soon Woo Choi ("Applicant") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Google LLC ("Respondent") in connection with a potential legal action in the Republic of Korea. *See* ECF No. 1 ("App."). Applicant seeks approval for two subpoenas (the "First Subpoena" and the "Second Subpoena"). For the reasons set forth below, the Court GRANTS the application for the First Subpoena and DENIES the application for the Second Subpoena.

## I. BACKGROUND

The following facts are taken from Applicant's *ex parte* application. *See* App. Applicant is a medical doctor of the Republic of Korea, and is a sole proprietor under the laws of the Republic of Korea doing business as "View Plastic Surgery" (hereinafter "Clinic") since 2009. ECF No. 1-1 ("Choi Decl.") ¶ 2. The principal place of business of the Clinic is located in Seoul, Republic of Korea, and the Clinic is an orthopedic clinic focusing on plastic surgery. *Id.* ¶ 3. Many customers of the Clinic view the Clinic's information online by searching for the Clinic on the Google search engine. *Id.* ¶ 6.

An anonymous individual (the "Anonymous Individual") uses the YouTube channel named *NabulNabul* post insults and state various falsities concerning the Clinic and its doctors. *Id.* ¶ 7, Ex. 1. The YouTube Video has been viewed more than 49,000 times. Applicant claims that it states various falsities about, defames, and insults the Clinic and its doctors, and has caused significant damage to the Clinic. *Id.* ¶¶ 9, 11-29; ECF No. 1-3 ("Hong Decl.") ¶¶ 4-5, Exs. A-B.

Applicant has filed a civil lawsuit against the Anonymous Individual in the Seoul Central District Court under case number 2024Gaso1106810 (hereinafter "Civil Case") for defamation, insults, and business interference under the laws of the Republic of Korea. Choi Decl. ¶ 30; ECF No. 1-2 ("Chong Decl.") ¶ 7. However, the Applicant has been unable to determine the identity of the Anonymous Individual, preventing the Applicant from serving the Anonymous Individual or otherwise proceeding with the Civil Case. Choi Decl. ¶ 36; Chong Decl. ¶ 19.

Applicant previously filed an ex parte application in this district to conduct discovery from Google pursuant to Section 1782 in *In re Ex Parte Application of Soon Woo Choi*, Case No. 24-mc-80043-EJD (hereinafter "First Case") in connection with criminal complaint against the Anonymous Individual. Choi Decl. ¶ 32; Chong Decl. ¶ 14. However, the court in the First Case denied the application, holding that the identity of the Anonymous Individual should be investigated by the criminal authorities of the Republic of Korea pursuant to the Treaty of Mutual Legal Assistance in Criminal Matters (hereinafter "MLAT"), and finding that the information requested by the Applicant was both unduly intrusive and unduly burdensome. Choi Decl. ¶ 32; Chong Decl. ¶ 14.

According to Applicant, the criminal authorities of the Republic of Korea are unwilling to further investigate the Anonymous Individual, and the Applicant cannot compel those criminal authorities of the Republic of Korea to use MLAT in order to investigate the criminal matter. Choi Decl. ¶ 33; Chong Decl. ¶ 15. Applicant thus withdrew his criminal complaint from the criminal authorities of the Republic of Korea. Choi Decl. ¶ 33; Chong Decl. ¶ 16. Applicant represents that he "no longer intends to, and ***will not, file a criminal complaint against the Anonymous Individual***, as he understands that this Court may not authorize discovery against the Anonymous Individual for use in a criminal matter." App. at 4 (emphasis added); Choi Decl. ¶

2

34; Chong Decl. ¶ 17.

However, Applicant does intend to proceed with the Civil Case against the Anonymous Individual. Choi Decl. ¶ 35; Chong Decl. ¶ 18. Applicant claims that the Anonymous Individual has committed the torts of defamation and insulting under Articles 750 and 751 of the Civil Act of Korea and the tort of business interference under Article 750 of the Civil Act of Korea, Chong Decl. ¶¶ 7-12, but to proceed with the Civil Case, the true identity of the Anonymous Individual is necessary. Id. ¶ 19.

Applicant seeks Court authorization to "conduct limited discovery by serving a subpoena upon Google, which is located in this district, to discover personal identifying information ("PII") that can be used to identify the true identity of the Anonymous Individual to serve the Anonymous Individual with legal process in the Civil Case." App. at 5; Chong Decl. ¶ 20.

The first proposed subpoena to be served on Google is attached to the Application at Exhibit A ("First Subpoena"), and the second proposed subpoena to be served on Google is attached to the Application at Exhibit B (hereinafter "Second Subpoena").

## II. LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or

international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

### III. FIRST SUBPOENA

#### A. Statutory Requirements

Applicant's request satisfies the requirements of Section 1782. First, the statute requires

that the respondent be found in the district. A business entity is "found" in a judicial district where it is incorporated, headquartered, or has offices. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases); *In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement). Respondent resides or is found in this district as its principal office is located in Mountain View, CA. Chong Decl. ¶ 6, Ex. 1. This location is within this district, so the requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, the second requirement is satisfied because the discovery sought is for purposes of the Civil Case that is pending in the Seoul Central District Court. Choi Decl. ¶¶ 30, 36-38; Chong Decl. ¶¶ 7, 19-20.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256-57. Applicant, as the plaintiff in the Civil Case, is an interested person. Choi Decl. ¶ 30; Chong Decl. ¶ 7. Therefore, the Applicant satisfies all of the requirements of Section 1782.

**B.    Discretionary *Intel* Factors**

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

**i.    Respondent is not participants in the foreign action.**

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Respondent will be a nonparticipant in the civil action in Korea. Chong Decl. ¶ 22. This factor therefore weighs in favor of granting the application.

**ii.    Korean courts are receptive to U.S. judicial assistance.**

The Supreme Court next requires a district court to consider "the nature of the foreign

1 tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign
2 government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542
3 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the
4 information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4
5 (N.D. Cal. Mar. 24, 2016).

The Court is not aware of any directive from Korea against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))). According to Applicant's Korean counsel, there are no known restrictions imposed by or any policies under the laws of Korea limiting U.S. federal court judicial assistance, and courts of Korea are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals acting anonymously online. Chong Decl. ¶¶ 23-24. Given Applicant's representation that this information will not be used to pursue criminal matters, this factor weighs in favor of granting discovery.

### iii. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, there is no reason to believe that Applicant is seeking to circumvent Korean evidence laws. The attorney consulted by Applicant stated as much in his declaration. Chong Decl. ¶ 25. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### iv. The request is not unduly burdensome or intrusive.

The last *Intel* factor asks a court to consider whether the proposed discovery is overly

1  burdensome or intrusive. 542 U.S. at 265.

2      Applicant argues that sought is narrowly tailored to "only sufficient information to identify
3  the Anonymous Individual, and is not unduly intrusive or burdensome, because the Applicant is
4  seeking discovery of only PII such as names, dates of birth, addresses, telephone numbers, and e-
5  mail addresses, and information that will lead to the discovery of PII such as banking information
6  and access log (the IP address, port number, and timestamp) for very limited periods of time,
7  which information is stored by Google in the ordinary course of its businesses." App. at 9. Ex. A;
8  Ex. B; Chong Decl. ¶¶ 26-42.

9      The discovery sought in the First Subpoena is narrowly tailored to seek only sufficient
10 information to identify the Anonymous Individuals, and is not unduly intrusive or burdensome.
11 As Applicant notes, this Court has previously approved similar requests. *In re Starship Ent. Co.,*
12 *Ltd.*, No. 23-MC-80147-BLF, 2023 WL 5520772, at *3 (N.D. Cal. Aug. 25, 2023). This
13 information is stored by Respondent in the ordinary course of its business. Ex. A; Ex. B; Chong
14 Decl. ¶¶ 26-42; *see, e.g.*, *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5
15 (N.D. Cal. July 25, 2019) (granting a § 1782 request to issue a subpoena for the name, address,
16 email address, telephone number, and name and address on credit cards); *In re Med. Corp.*
17 *Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021). Also,
18 Applicant notes that "[i]n light of the court's decision in the First Case, the Applicant has
19 narrowed the scope of information that he is seeking through discovery." App. at 11; Ex. A; Ex.
20 B; Chong Decl. ¶ 32. Furthermore, to the extent Respondent asserts that any of the information
21 sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or
22 the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-
23 80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options
24 to the respondents).

25     Accordingly, the Court grants Applicant's motion as to the First Subpoena.

26 \\
27 \\
28 \\

## IV. SECOND SUBPOENA

Applicant asks the Court to also approve the Second Subpoena. According to Applicant:

> In past cases in this district involving discovery from Google concerning YouTube, although the subpoenas in those cases requested information, such as names, telephone numbers, addresses, date of birth, and payment and banking information of the *Google accounts that are used to sign in to or that are registered to* the YouTube channels that were the subject of the discovery in those cases, Google refused to provide the requested information of the Google accounts without a new subpoena specifically indicating the Google accounts.

App. at 11; Taitano Decl. ¶ 4; *In re Ex Parte Application of Miyo Numata*, Case No. 22-mc-80239-BLF; *In re Ex Parte Application of Starship Entertainment Co., Ltd.*, Case No. 23-mc-80147-BLF. In those cases, the applicants "had to request for permission from the court to issue new subpoenas specifically indicating the Google accounts (which Google accounts were revealed through information provided by Google pursuant to the original subpoenas) in order to satisfy Google's requests." *Ibid.*

To work around this inconvenience, Applicant asks the Court to pre-approve the Second Subpoena, even though it does not list the accounts that would be targeted by the Second Subpoena. Applicant has attached a Second Subpoena that has brackets where the information would be filled in. App. at 21 (Ex. B, Att. 1). Applicant argues that it would serve judicial economy if the Court authorized "the Second Subpoena that will be completed by replacing the brackets in Attachment 1 to the Second Subpoena with the Google account information that will be obtained through the First Subpoena." App. at 12.

Applicant has provided no legal basis for the Court approving a blank subpoena, and cites no other Court that has followed this procedure. In the two cases cited by Applicant, this Court timely approved both an initial request regarding a first subpoena and, *later*, a second request regarding a second subpoena based on information from the first subpoena. In both cases, the Second Subpoena was completely filled out with the target account information, and the Court conducted full analyses of the statutory and discretionary factors on the Second Subpoena. *Numata*, Case No. 22-mc-80239-BLF, Dkt. 11 (Jan. 11, 2023); *Starship*, Case No. 23-mc-80147-BLF, Dkt. 10 (Aug. 25. 2023).

8

Here, filing a second motion once Applicant receives information from the First Subpoena creates only minimal additional burden on Applicant and the Court. If the Court were to decide the motion on the Second Subpoena now, it could not properly evaluate the discretionary *Intel* factors, particularly undue burden, without knowing the full scope of the Second Subpoena. As such, the Court denies Applicant's motion as to the Second Subpoena.

**V.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a) as to the First Subpoena.
2. The Court DENIES the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a) as to the Second Subpoena.

Dated: May 20, 2024

_____
BETH LABSON FREEMAN
United States District Judge