1

2

3            **UNITED STATES DISTRICT COURT**

4            **NORTHERN DISTRICT OF CALIFORNIA**

5            **SAN JOSE DIVISION**

6

7   In re Ex Parte Application of                    Case No.  24-mc-80116-BLF

8   SOON WOO CHOI,

9                          APPLICANT.             **ORDER GRANTING EX PARTE**
                                                  **APPLICATION FOR ORDER**
10                                                **PURSUANT TO 28 U.S.C. § 1782**
                                                  **AUTHORIZING DISCOVERY FOR**
11                                                **USE IN FOREIGN PROCEEDINGS**

12                                                [Re:  ECF No. 10]

13

14          On May 12, 2024, Applicant Soon Woo Choi ("Applicant") filed an ex parte application

15  pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited

16  discovery from Google LLC ("Respondent") in connection with a potential legal action in the

17  Republic of Korea. See ECF No. 1 ("App.").  Applicant sought approval for two subpoenas (the

18  "First Subpoena" and the "Second Subpoena").  On May 20, 2024, the Court granted the

19  application for the First Subpoena, but denied the application for the Second Subpoena because

20  parts of the Second Subpoena were left provisionally blank, and the Court could therefore not

21  fully evaluate the discretionary *Intel* factors, particularly undue burden.  ECF No. 9 at 8–9.

22  Applicant has filed a renewed request for the Second Subpoena that contains the previously blank

23  information.  ECF No. 10.  For the reasons set forth below, the Court GRANTS the application.

24  **I.     BACKGROUND**

25          The following facts are taken from Applicant's *ex parte* application.  *See* App.  Applicant

26  is a medical doctor of the Republic of Korea, and is a sole proprietor under the laws of the

27  Republic of Korea doing business as "View Plastic Surgery" (hereinafter "Clinic") since 2009.

28  ECF No. 1-1 ("Choi Decl.") ¶ 2. The principal place of business of the Clinic is located in Seoul,

United States District Court
Northern District of California

1    Republic of Korea, and the Clinic is an orthopedic clinic focusing on plastic surgery.  *Id.* ¶ 3.

2    Many customers of the Clinic view the Clinic's information online by searching for the Clinic on

3    the Google search engine.  *Id.* ¶ 6.

4           An anonymous individual (the "Anonymous Individual") uses the YouTube channel

5    named *NabulNabul* post insults and state various falsities concerning the Clinic and its doctors.

6    *Id.* ¶ 7, Ex. 1.  The YouTube Video has been viewed more than 49,000 times.  Applicant claims

7    that it states various falsities about, defames, and insults the Clinic and its doctors, and has caused

8    significant damage to the Clinic.  *Id.* ¶¶ 9, 11-29; ECF No. 1-3 ("Hong Decl.") ¶¶ 4-5, Exs. A-B.

9           Applicant has filed a civil lawsuit against the Anonymous Individual in the Seoul Central

10   District Court under case number 2024Gaso1106810 (hereinafter "Civil Case") for defamation,

11   insults, and business interference under the laws of the Republic of Korea.  Choi Decl. ¶ 30; ECF

12   No. 1-2 ("Chong Decl.") ¶ 7.  However, the Applicant has been unable to determine the identity of

13   the Anonymous Individual, preventing the Applicant from serving the Anonymous Individual or

14   otherwise proceeding with the Civil Case.  Choi Decl. ¶ 36; Chong Decl. ¶ 19.

15          Applicant previously filed an ex parte application in this district to conduct discovery from

16   Google pursuant to Section 1782 in *In re Ex Parte Application of Soon Woo Choi*, Case No. 24-

17   mc-80043-EJD (hereinafter "First Case") in connection with criminal complaint against the

18   Anonymous Individual.  Choi Decl. ¶ 32; Chong Decl. ¶ 14.  However, the court in the First Case

19   denied the application, holding that the identity of the Anonymous Individual should be

20   investigated by the criminal authorities of the Republic of Korea pursuant to the Treaty of Mutual

21   Legal Assistance in Criminal Matters (hereinafter "MLAT"), and finding that the information

22   requested by the Applicant was both unduly intrusive and unduly burdensome.  Choi Decl. ¶ 32;

23   Chong Decl. ¶ 14.

24          According to Applicant, the criminal authorities of the Republic of Korea are unwilling to

25   further investigate the Anonymous Individual, and the Applicant cannot compel those criminal

26   authorities of the Republic of Korea to use MLAT in order to investigate the criminal matter.

27   Choi Decl. ¶ 33; Chong Decl. ¶ 15.  Applicant thus withdrew his criminal complaint from the

28   criminal authorities of the Republic of Korea.  Choi Decl. ¶ 33; Chong Decl. ¶ 16.  Applicant

1    represents that he "no longer intends to, and *will not, file a criminal complaint against the*

2    *Anonymous Individual*, as he understands that this Court may not authorize discovery against the

3    Anonymous Individual for use in a criminal matter."  App. at 4 (emphasis added); Choi Decl. ¶

4    34; Chong Decl. ¶ 17.

5            However, Applicant does intend to proceed with the Civil Case against the Anonymous

6    Individual.  Choi Decl. ¶ 35; Chong Decl. ¶ 18.  Applicant claims that the Anonymous Individual

7    has committed the torts of defamation and insulting under Articles 750 and 751 of the Civil Act of

8    Korea and the tort of business interference under Article 750 of the Civil Act of Korea, Chong

9    Decl. ¶¶ 7-12, but to proceed with the Civil Case, the true identity of the Anonymous Individual is

10    necessary. Id. ¶ 19.

11            Applicant seeks Court authorization to "conduct limited discovery by serving a subpoena

12    upon Google, which is located in this district, to discover personal identifying information ("PII")

13    that can be used to identify the true identity of the Anonymous Individual to serve the Anonymous

14    Individual with legal process in the Civil Case."  App. at 5; Chong Decl. ¶ 20.

15            The Applicant served Google with the Subpoena to Produce Documents, Information, or

16    Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") and the Court's order

17    at ECF No. 9.  See ECF No. 10-2 ("Taitano Decl.") ¶ 4, Ex. A.  Pursuant to the Subpoena, Google

18    produced information about the YouTube account for the YouTube channel named NabulNabul

19    ("YouTube Channel") as well as for the Google account naboolnabool2023@gmail.com that is

20    associated with the YouTube Channel.  *Id.* ¶ 5, Exs. B, C.  Applicant requests permission to issue

21    a new subpoena to Google in the form attached to ECF No. 10 at Exhibit 1, by which the

22    Applicant intends to seek from Google the IP addresses, and corresponding dates and times that

23    the IP addresses were used during the period from July 17, 2023 to December 14, 2023.  ECF No.

24    10, Ex. 1; ECF No. 10-1 ("Chong Decl.") ¶ 9.

25    **II.    LEGAL STANDARD**

26            Section 1782 provides, in relevant part:

27            The district court of the district in which a person resides or is found
                may order him to give his testimony or statement or to produce a
28            document or other thing for use in a proceeding in a foreign or

United States District Court
Northern District of California

1
2
3
4

> international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

5    28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in the gathering

6    evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241,

7    247 (2004).  Section 1782 permits district courts to authorize discovery "where three general

8    requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found'

9    in the district of the district court where the application is made; (2) the discovery is 'for use in a

10   proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or

11   international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

12   (9th Cir. 2019) (quoting § 1782(a)).

13           But "a district court is not required to grant a § 1782(a) discovery application simply

14   because it has the authority to do so."  *Intel*, 542 U.S. at 264.  Instead, a district court has

15   discretion to authorize discovery under Section 1782.  *Id.* at 260-61.  In exercising this discretion,

16   a district court should consider the following four factors identified by the Supreme Court: (1)

17   whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2)

18   "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the

19   receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial

20   assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering

21   restrictions or other policies of a foreign country or the United States"; and (4) whether the request

22   is "unduly intrusive or burdensome."  *Id.* at 264-65.  In exercising its discretion, the district court

23   should consider the twin aims of the statute: "providing efficient assistance to participants in

24   international litigation and encouraging foreign countries by example to provide similar assistance

25   to our courts."  *Id.* at 252.

26           Section 1782 applications are generally considered on an *ex parte* basis because "parties

27   will be given adequate notice of any discovery taken pursuant to the request and will then have the

28   opportunity to move to quash the discovery or to participate in it."  *IPCom GMBH & Co. KG v.*

United States District Court
Northern District of California

*Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at \*2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*."  *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at \*2 (N.D. Cal. Mar. 24, 2016).

## III.    DISCUSSION

### A.    Statutory Requirements

Applicant's request satisfies the requirements of Section 1782 for the same reasons as described in the Court's previous order.  ECF No. 9 at 4–5.

### B.    Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### 1.    Respondent is not participants in the foreign action.

The first factor or the same reasons as described in the Court's previous order.  ECF No. 9 at 5.  Respondent will be a nonparticipant in the civil action in Korea, Chong Decl. ¶ 22, so the first factor weighs in favor of granting the application.

#### 2.    Korean courts are receptive to U.S. judicial assistance.

The second factor or the same reasons as described in the Court's previous order.  ECF No. 9 at 5–6.  Given Applicant's representation that this information will not be used to pursue criminal matters, this factor weighs in favor of granting discovery.  *Id.*

#### 3.    There is no circumvention of foreign discovery procedures.

The third factor or the same reasons as described in the Court's previous order.  ECF No. 9 at 6.  Given Applicant's representations, Chong Decl. ¶ 25, there is no reason to believe that Applicant is seeking to circumvent Korean evidence laws.

#### 4.    The request is not unduly burdensome or intrusive.

The last *Intel* factor asks a court to consider whether the proposed discovery is overly

United States District Court
Northern District of California

1  burdensome or intrusive.  542 U.S. at 265.  The discovery sought here corresponds to a single

2  email address and is narrowly tailored to seek only sufficient information to identify the

3  Anonymous Individual, and is not unduly intrusive or burdensome, because Applicant seeks

4  discovery of only "IP addresses and corresponding dates and times that the IP addresses were used

5  from Google for the period of July 17, 2023 to December 14, 2023 in order to identify the

6  Anonymous Individual."  ECF No. 10.  This information is stored by Respondent in the ordinary

7  course of its business.  App. at 9; Chong Decl. ¶¶ 26-42; *see, e.g.*, *In re Frontier Co., Ltd.*, No. 19-

8  mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a § 1782 request to

9  issue a subpoena for the name, address, email address, telephone number, and name and address

10  on credit cards); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5

11  (N.D. Cal. Aug. 10, 2021).  To the extent Respondent asserts that any of the information sought by

12  Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the

13  parties can enter a protective order.  *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-

14  WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to the

15  respondents).

16  **IV.    ORDER**

17        For the foregoing reasons, IT IS HEREBY ORDERED that: the Court GRANTS the ex

18  parte application authorizing discovery under 28 U.S.C. § 1782(a) as to the subpoena at ECF No.

19  10, Ex 1.

20

21  Dated: August 12, 2024

22                                    _____

23                                    BETH LABSON FREEMAN
                                  United States District Judge

24

25

26

27

28