**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re Ex Parte Application of | Case No. 24-mc-80116-BLF |
| SOON WOO CHOI, | |
| APPLICANT. | **ORDER GRANTING APPLICANT'S THIRD EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |
| | [Re: ECF No. 12] |

On May 12, 2024, Applicant Soon Woo Choi ("Applicant") filed an ex parte application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Google LLC ("Respondent") in connection with a potential legal action in the Republic of Korea. See ECF No. 1. Applicant initially sought approval for two subpoenas (the "First Subpoena" and the "Second Subpoena"). The Court previously granted both requests. ECF Nos. 9, 11. Before the Court is Applicant's renewed request for a third subpoena ("Third Subpoena") to Respondent. ECF 12. For the reasons set forth below, the Court GRANTS the application.

## I.    BACKGROUND

The following facts are taken from Applicant's *ex parte* application. *See* App. Applicant is a medical doctor of the Republic of Korea, and is a sole proprietor under the laws of the Republic of Korea doing business as "View Plastic Surgery" (hereinafter "Clinic") since 2009. ECF No. 1-1 ("Choi Decl.") ¶ 2. The principal place of business of the Clinic is located in Seoul, Republic of Korea, and the Clinic is an orthopedic clinic focusing on plastic surgery. *Id.* ¶ 3. Many customers of the Clinic view the Clinic's information online by searching for the Clinic on

the Google search engine. *Id.* ¶ 6.

An anonymous individual (the "Anonymous Individual") uses the YouTube channel named *NabulNabul* to post insults and state various falsities concerning the Clinic and its doctors. *Id.* ¶ 7, Ex. 1. The YouTube Video has been viewed more than 49,000 times. Applicant claims that it states various falsities about, defames, and insults the Clinic and its doctors, and has caused significant damage to the Clinic. *Id.* ¶¶ 9, 11-29; ECF No. 1-3 ("Hong Decl.") ¶¶ 4-5, Exs. A-B.

Applicant has filed a civil lawsuit against the Anonymous Individual in the Seoul Central District Court under case number 2024Gaso1106810 (hereinafter "Civil Case") for defamation, insults, and business interference under the laws of the Republic of Korea. Choi Decl. ¶ 30; ECF No. 1-2 ("Chong Decl.") ¶ 7. However, the Applicant has been unable to determine the identity of the Anonymous Individual, preventing the Applicant from serving the Anonymous Individual or otherwise proceeding with the Civil Case. Choi Decl. ¶ 36; Chong Decl. ¶ 19.

Applicant previously filed an ex parte application in this district to conduct discovery from Google pursuant to Section 1782 in *In re Ex Parte Application of Soon Woo Choi*, Case No. 24-mc-80043-EJD (hereinafter "First Case") in connection with criminal complaint against the Anonymous Individual. Choi Decl. ¶ 32; Chong Decl. ¶ 14. However, the court in the First Case denied the application, holding that the identity of the Anonymous Individual should be investigated by the criminal authorities of the Republic of Korea pursuant to the Treaty of Mutual Legal Assistance in Criminal Matters (hereinafter "MLAT"), and finding that the information requested by the Applicant was both unduly intrusive and unduly burdensome. Choi Decl. ¶ 32; Chong Decl. ¶ 14.

According to Applicant, the criminal authorities of the Republic of Korea are unwilling to further investigate the Anonymous Individual, and the Applicant cannot compel those criminal authorities of the Republic of Korea to use MLAT in order to investigate the criminal matter. Choi Decl. ¶ 33; Chong Decl. ¶ 15. Applicant thus withdrew his criminal complaint from the criminal authorities of the Republic of Korea. Choi Decl. ¶ 33; Chong Decl. ¶ 16. Applicant represents that he "no longer intends to, and ***will not, file a criminal complaint against the Anonymous Individual***, as he understands that this Court may not authorize discovery against the

1    Anonymous Individual for use in a criminal matter."  App. at 4 (emphasis added); Choi Decl. ¶
2    34; Chong Decl. ¶ 17.

3        However, Applicant does intend to proceed with the Civil Case against the Anonymous
4    Individual.  Choi Decl. ¶ 35; Chong Decl. ¶ 18.  Applicant claims that the Anonymous Individual
5    has committed the torts of defamation and insulting under Articles 750 and 751 of the Civil Act of
6    Korea and the tort of business interference under Article 750 of the Civil Act of Korea, Chong
7    Decl. ¶¶ 7-12, but to proceed with the Civil Case, the true identity of the Anonymous Individual is
8    necessary. Id. ¶ 19.

9        Applicant seeks Court authorization to "conduct limited discovery by serving a subpoena
10   upon Google, which is located in this district, to discover personal identifying information ("PII")
11   that can be used to identify the true identity of the Anonymous Individual to serve the Anonymous
12   Individual with legal process in the Civil Case."  App. at 5; Chong Decl. ¶ 20.

13       The Applicant served Respondent with the original and renewed Subpoena to Produce
14   Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and the
15   Court's orders at ECF Nos. 6 and 9.  See ECF 12 at 1-2; ECF No. 12-2 ("Taitano Decl.") ¶¶ 4-5,
16   Ex. A.  Pursuant to the Subpoena, Respondent produced information about the YouTube account
17   for the YouTube channel named NabulNabul ("YouTube Channel") as well as for the Google
18   account naboolnabool2023@gmail.com that is associated with the YouTube Channel.  Id. ¶ 5,
19   Exs. B, C.
20   On November 4, 2024, Applicant observed that the URL associated with the YouTube Channel
21   was changed. ECF No. 12-1 ("Choi Decl.") ¶ 20.

22        Applicant requests permission to issue a new subpoena to Respondent in the form attached
23   to ECF No. 12 at Exhibit 1, by which the Applicant intends to seek from Respondent documents
24   and information associated with the Google account naboolnabool2023@gmail.com, and five
25   most-recent access logs (dates, times, and IP addresses) of the Google account.  ECF No. 12, at 3,
26   Ex. 1.

27   //

28   //

United States District Court
Northern District of California

3

## II.    LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *Intel*, 542 U.S. at 264.  Instead, a district court has discretion to authorize discovery under Section 1782.  *Id.* at 260-61.  In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."  *Id.* at 264-65.  In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance

4

to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III.    DISCUSSION

### A.    Statutory Requirements

Applicant's request satisfies the requirements of Section 1782 for the same reasons as described in the Court's previous order.  ECF No. 9 at 4–5.

### B.    Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### i.    Respondent is not participants in the foreign action.

The first factor or the same reasons as described in the Court's previous order.  ECF No. 9 at 5.  Respondent will be a nonparticipant in the civil action in Korea, Chong Decl. ¶ 22, so the first factor weighs in favor of granting the application.

#### ii.    Korean courts are receptive to U.S. judicial assistance.

The second factor or the same reasons as described in the Court's previous order.  ECF No. 9 at 5–6.  Given Applicant's representation that this information will not be used to pursue criminal matters, this factor weighs in favor of granting discovery.  *Id.*

#### iii.    There is no circumvention of foreign discovery procedures.

The third factor or the same reasons as described in the Court's previous order.  ECF No. 9

United States District Court
Northern District of California

1    at 6.  Given Applicant's representations, Chong Decl. ¶ 25, there is no reason to believe that

2    Applicant is seeking to circumvent Korean evidence laws.

3                    **iv.    The request is not unduly burdensome or intrusive.**

4            The last *Intel* factor asks a court to consider whether the proposed discovery is overly

5    burdensome or intrusive.  542 U.S. at 265.  The discovery sought here corresponds to a single

6    Google account and is narrowly tailored to seek only sufficient information to identify the

7    Anonymous Individual, and is not unduly intrusive or burdensome, because Applicant seeks

8    discovery of only "the most recent five access logs (IP addresses and corresponding dates and

9    times that the IP addresses were used)," and "registered information, which may reveal PII that

10   will lead to the true identity of the Anonymous Individual."  ECF No. 12.  This information is

11   stored by Respondent in the ordinary course of its business.  App. at 9; Chong Decl. ¶¶ 26-42; *see,*

12   *e.g.*, *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25,

13   2019) (granting a § 1782 request to issue a subpoena for the name, address, email address,

14   telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, No. 21-

15   mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021).  To the extent Respondent

16   asserts that any of the information sought by Applicant is burdensome or confidential or

17   proprietary, it can bring a motion to quash or the parties can enter a protective order.  *See, e.g.*, *In*

18   *re Illumina Cambridge Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal.

19   Nov. 7, 2019) (offering similar options to the respondents).

20   **IV.    ORDER**

21           For the foregoing reasons, IT IS HEREBY ORDERED that: the Court GRANTS the *ex*

22   *parte* application authorizing discovery under 28 U.S.C. § 1782(a) as to the subpoena at ECF No.

23   12, Ex 1.

24

25   Dated:  December 17, 2024

26                                                    _____

27                                                    BETH LABSON FREEMAN
                                                     United States District Judge

28